The opinion of the Court was delivered by
Withers, J.
Six cases had been instituted by way of domestic attachment against the present plaintiff, and prosecuted to judgment and execution. The amount sued for in each of five of those cases, placed it in the summary jurisdiction of the Court of Common Pleas, some of the five, above, others below, fifty dollars ; one of the six was in the higher jurisdiction. As usual in our practice, the five cases were disposed of on the summary process docket, the other in the higher jurisdiction. Ten dollars are claimed in each of the cases, in addition to ordinary costs, for plaintiff’s attorney, as taxed costs, by virtue of the following provision in the existing fee bill, (6 Stat. 333,) to wit: “ For cases in attachment, in addition to common costs, *388 ten dollars,” — referring to the attorney’s costs. The question is, whether the law allows to the plaintiff’s attorney, in such cases as present this question, the extra sum of ten dollars. This Court is of opinion that the charge is well founded, as to that of the six cases which belonged to the higher jurisdiction ; and that the like charge is not permitted by the fee bill, or otherwise, as to any of the cases which belonged to the summary process jurisdiction. Touching the larger case, there is no room for doubt under the language quoted “for all cases of attachment,” although, perhaps, there might have been a question started under the fee bill of 1791, where a magistrate has issued a summons; for the language used in 1791, was “on writs of attachment,” &c. It might have been plausibly urged that this looked to a proceeding by process issuing alone from the office of the Court of Common Pleas. The difference in the language of our present law is obvious. The other inquiry is," Can the five cases referred to be ranged under the clause of the¡ fee bill, “ for cases in attachment, in addition to common costs, ten dollars ?” It appears very clearly, that they cannot; for there is another clause of that bill referring to attorney’s costs, as follows: “ For commencing, defending and prosecuting every case in summary process, where the amount sued for does not exceed fifty dollars, two dollars; in all cases exceeding fifty dollars, four dollars; the two last exclusive of subpoena writs, and commissions, and inclusive of all other charges.” It seems a necessary, conclusion, that this language leaves the other clause cited, applicable only to a class of cases in attachment distinct from that “in summary process.”
The Court was led to inquire whether the fee bill contemplated cases instituted by process from a magistrate; whether cases, thus instituted, pertained to any docket at all; or whether the Court had any other office to perform, except to condemn the property attached.
In all cases of attachment for a sum over twenty dollars, the process issued by the magistrate^ required to be returned to the Court of Common' Pleas, for the district where__the same may *389 be issued, and of course, that Court has to deal with it as in other cases ; that is, to try the cause, and all collateral issues growing out of it — to render judgment, &c.
This would lead to the entry of cases on a docket, and the appropriate docket, reference being had to the several jurisdictions of the Court. For by the law of magistrates, (11 Stat. 18, sec. 18,) if the attachment exceed the sum of twenty dollars, “ the same shall be directed to the sheriff, unless it be within the summary jurisdiction of the Court, in which case it may be directed to either the sheriff or a constable of the district.” This provision seems to contemplate distinctly the action of the Court, in regard to its summary and superior jurisdiction. If the case thus reaches the summary process docket, although an attorney did not “commence”it, yet one “prosecutes” or “defends” a “ case in summary process,” and for such services he is entitled to the specified fee, and that exclusively of any other. When a case reaches a docket of higher jurisdiction, it is in the class of “cases of attachment,” and the attorney is entitled to the extra sum of ten dollars. Any other view would deprive an attorney of any costs at all in summary process cases by domestic attachment, and that for the only reason, that he did not institute, and could not, the proceeding.
Such reasoning leads to the conclusion, that a new trial should be had, and it is adjudged accordingly.
O’Neall, Wardlaw, WhitNer and Munro, JJ., concurred.

Motion granted.